```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


MATTHEW AFONSO & DEBORAH
DANOFF-HOPPE,                    )
    Plaintiffs                   )
                                 )
                                 )
             v.                  ) C.A. NO. 13-cv-30004-MAP
                                 )
ALYSON LINGSCH, ALAN J.          )
INGRAM, JENNI MANFREDI,          )
OTILIO ALVARADO, & CITY OF       )
SPRINGFIELD, MASSACHUSETTS       )
SCHOOL DEPARTMENT,               )
    Defendants                   )
```

MEMORANDUM AND ORDER REGARDING
SUPPLEMENTAL BRIEFING

April 3, 2014

PONSOR, U.S.D.J.

Plaintiffs have brought this litigation against Defendants asserting three constitutional claims and one claim for retaliation under the Family Medical Leave Act ("FMLA"). On January 21, 2014, Defendants moved for summary judgment, arguing, inter alia, that Plaintiffs were not "eligible employees" under the FMLA and, therefore, could not move forward on that count. (Dkt. No. 27.) Plaintiffs failed to respond to that argument, though they did

highlight aspects of the record tending to indicate that they were, in fact, granted FMLA leave. (Dkt. No. 36.)

The court is now seeking additional assistance from counsel on one question respecting the FMLA claim: Can an individual, who is not an "eligible employee" entitled to leave under the FMLA, nonetheless assert a retaliation claim where the employer has already granted him or her FMLA leave? In other words, did Plaintiffs engage in protected activity because they reasonably believed they were protected under the statute? The First Circuit in McArdle v. Town of Dracut/Dracut Public Schools, 732 F.3d 29 (1st Cir. 2013), arguably offers support for either answer. Id. at 36. ("We are not convinced that an employee who is ineligible for FMLA leave can never being a retaliation claim.")

Based on the foregoing, the court hereby orders counsel to submit to this court, no later than May 2, 2014, a memorandum of no more than ten pages addressing the above question. Once the court receives these supplemental submissions, it will either set the matter for argument or issue a memorandum and order addressing all four counts.

It is So Ordered.

                                               /s/ Michael A. Ponsor
                                               MICHAEL A. PONSOR
                                               U. S. District Judge